STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

SAILAJA M. PAIDIPATY (NYBN 5160007)
Assistant United States Attorneys

    450 Golden Gate Avenue, 11th Floor
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    sailaja.paidipaty@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br>   v. <br> ROGER ARTEAGA, <br>     Defendant. | CASE NO.: 3:21-mj-71623-03 MAG <br><br> [~~PROPOSED~~] ORDER DETAINING DEFENDANT PRIOR TO TRIAL |

    On November 12, 2021, this Court held a hearing on the government's motion to detain Defendant Roger Arteaga pretrial. For the reasons stated on the record and summarized below, the Court orders Arteaga detained.

    Arteaga is charged in a Criminal Complaint with one count of conspiring to distribute controlled substances, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C). The defendant made an initial appearance on October 15, 2021, at which time the government moved for detention. Subsequently, Arteaga waived a detention hearing and findings without prejudice to raising release at a later date. At Arteaga's request, the Court scheduled a detention hearing for November 12, 2021.

    Because the defendant is charged with an offense under the Controlled Substances Act that

carries a statutory maximum greater than 10 years in custody, subject to rebuttal, the law presumes that no condition or combination of conditions will reasonably assure the defendant's appearance and the safety of the community.  18 U.S.C. § 3142(4)(3)(A).  If a defendant rebuts this statutory presumption, the Court considers the following four factors in determining whether the defendant presents a serious risk of flight: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence; (3) the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, and criminal history, as well as whether the crime was committed while the defendant was on probation or parole; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release.  18 U.S.C. § 3142(g).

      Having reviewed the criminal Complaint, the initial bail report and addendum prepared by U.S. Pretrial Services, and having heard arguments from both parties on November 12, 2021, the Court finds that the government has established by a preponderance of the evidence that Arteaga is a flight risk.  The defendant has significant ties outside of this jurisdiction, both domestically and internationally.  This includes a child in Colorado and family in Honduras.  During the hearing, government counsel also noted that Arteaga has a prior criminal conviction for drug trafficking in Utah.  Further, Arteaga is not a citizen of the United States and was previously removed.  Given the consequences of this prosecution, he has incentive to flee the country.  While danger to the community can be mitigated through Defendant's request to be referred to inpatient drug treatment, the Court cannot be assured that Arteaga would remain in treatment given the facts cited above and that he did not previously complete a treatment program in 2019 as part of a prior state criminal case.  While the Court appreciates the willingness of Arteaga's girlfriend to act as a surety, in this case it is insufficient to mitigate the risk of flight.

      Given the nature of the crimes as alleged, as well as the history and characteristics of the defendant, the Court determines that, based on the current record, there is no condition or combination of conditions of release that can reasonably assure the defendant's appearance as required.  Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS HEREBY ORDERED THAT:

[PROPOSED] ORDER DETAINING DEFENDANT PRIOR TO TRIAL
CR 3:21-mj-71623-03 MAG

1   (1) Defendant is committed to the custody of the Attorney General for confinement in a
2 corrections facility;
3   (2) Defendant be afforded reasonable opportunity for private consultation with his counsel; and
4   (3) on order of a court of the United States or on request of an attorney for the government, the
5 person in charge of the corrections facility in which defendant is confined shall deliver defendant to an
6 authorized Deputy United States Marshal for the purpose of any appearance in connection with a court
7 proceeding.

8 **IT IS SO ORDERED.**

9   November 17, 2021

_____
HON. JACQUELINE SCOTT CORLEY
United States Magistrate Judge

[PROPOSED] ORDER DETAINING DEFENDANT PRIOR TO TRIAL
CR 3:21-mj-71623-03 MAG